**Electronically Filed
Intermediate Court of Appeals
30044
29-MAR-2011
08:44 AM**

NOS. 30044 & 30084

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DANIEL JOSEPH JOHNSON, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NOS. 94-189K & 01-1-0004K)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

In this consolidated criminal appeal, Defendant-Appellant Daniel Joseph Johnson (Johnson) appeals from two separate orders of the Circuit Court of the Third Circuit.[1] In the first order, dated August 14, 2009, the circuit court revoked Johnson's probation in Criminal No. (Cr. No.) 94-189K and re-sentenced him to prison for a term of five years based on his conviction for promoting a dangerous drug in the third degree in violation of Hawaii Revised Statutes (HRS) § 712-1243 (1993). In the second order, also dated August 14, 2009, the circuit court revoked Johnson's probation in Cr. No. 01-1-0004k and re-sentenced him to prison for a term of five years based on his conviction for custodial interference in the first degree in

---

[1] The Honorable Elizabeth A. Strance presided and issued separate orders on the same day in both criminal cases.

violation of HRS § 707-726 (Supp. 2010). The circuit court further ordered that the five year prison sentence for the custodial interference conviction in Cr. No. 01-1-0004K run consecutive to the five year prison sentence imposed in Cr. No. 94-189K.

On appeal, Johnson raises one point of error, asserting that the circuit court committed plain error when it revoked his probation and re-sentenced him to five years of imprisonment in Cr. No. 94-189K, where the record in that case contains a May 16, 2000 Order of Discharge and Dismissal that purportedly terminated the prosecution against Johnson. The State of Hawai'i (State) counters, *inter alia*,[2] that this court lacks jurisdiction to decide whether the May 16, 2000 order is a basis for invalidating the August 14, 2009 revocation of probation in Cr. No. 94-189K because Johnson did not raise this issue during earlier probation revocation proceedings.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Johnson's point of error as follows:

(1) With regard to the threshold jurisdictional question, the State argues that this court lacks jurisdiction to decide whether the circuit court's May 16, 2000 order of discharge and dismissal is a basis for invalidating the

---

[2] In addressing the merits of the appeal, the State's Answering Brief at page 10 cites a case that the State itself describes as "unpublished" and "non citable." The State also attaches a copy of the case to its Answering Brief. The State's citation to this case violates Rule 35(c)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) because: the cited case was decided prior to July 1, 2008; it does not establish the law of this case; it does not have res judicata or collateral estoppel effect in this case; and it does not involve "the same respondent". HRAP Rule 35(c)(1). The State should not have cited the case, this Court did not consider the cited case, and the State is cautioned that future violations of HRAP Rule 35(c)(1) may result in sanctions.

2

August 14, 2009 revocation of probation in Cr. No. 94-189k because Johnson did not raise this issue during earlier probation revocation proceedings in 2001 and 2006. We disagree.

In criminal cases, appeals from the circuit court are governed by HRS § 641-11 (Supp. 2010), which provides in pertinent part:

> §641-11 From circuit court. Any party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment.

Moreover, "[a] post-judgment order is appealable in its own right only if it meets the test of finality applicable to all judicial decisions." State v. Johnson, 96 Hawai'i 462, 469, 32 P.3d 106, 113 (App. 2001) (citation and internal quotation marks omitted). For purposes of the instant appeal, the circuit court's August 14, 2009 order of revocation of probation in Cr. No. 94-189k ended that post-judgment probation revocation proceeding and aggrieved Johnson by re-sentencing him to imprisonment for a term of five years. Thus, the circuit court's August 14, 2009 order of revocation of probation and re-sentencing in Cr. No. 94-189K qualifies as an appealable post-judgment order. See Johnson, 96 Hawai'i at 469, 471, 32 P.3d at 113, 115 (noting that a criminal defendant may appeal from an order that disposes of a motion for revocation of probation and such an appeal encompasses any issues that may arise relating to the revocation).

The State's argument, that Johnson had to appeal from re-sentencing orders in 2001 and 2006 to now raise the issue of the May 16, 2000 dismissal order, is based on no cited authority and we conclude it has no merit. Moreover, contrary to the State's apparent argument that Johnson's appeal presents a matter of original jurisdiction, the appeal is properly taken from an appealable post-judgment order.

We therefore deem it appropriate to exercise jurisdiction for this appeal.

(2) On appeal, Johnson contends that it was plain error for the circuit court to re-sentence him to five years in prison in Cr. No. 94-189k, where the record in that case contains an order of discharge and dismissal. We agree that, without the circuit court addressing the order of discharge and dismissal, there was plain error.

Hawai'i Rules of Penal Procedure Rule 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An appellate court will therefore "apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Malivao, 105 Hawai'i 414, 417, 98 P.3d 285, 288 (App. 2004) (citation omitted). Nonetheless, the Hawai'i Supreme Court has cautioned that an appellate "court's power to deal with plain error is one to be exercised with caution because the plain error rule is a departure from the position usually presupposed by the adversary system that parties must look to counsel for protection and must bear the cost of counsel's mistakes." State v. Nguyen, 81 Hawai'i 279, 292, 916 P.2d 689, 702 (1996) (citation omitted). Therefore, an appellate court's "power to deal with plain error is a power to be exercised sparingly and with caution." Id. at 293, 916 P.2d at 703 (citation omitted).

In the instant case, the parties failed to timely bring the existence of the May 16, 2000 order of discharge and dismissal to the attention of the circuit court. Under the apparent erroneous assumption that no such order existed, the circuit court re-sentenced Johnson to five years in prison for a

4

charge that the record indicates was dismissed. On this record, Johnson's substantial rights were affected by this new five year prison sentence. Accordingly, it was plain error for the circuit court to re-sentence Johnson to a five year term of imprisonment in Cr. No. 94-189K where the record in that case contains an order of discharge and dismissal. The record in Cr. No. 94-189K, however, also shows that on November 18, 2009, the State filed a motion to correct clerical error regarding the dismissal order. The State's motion to correct clerical error apparently was not addressed because the case by then was on appeal. We determine that, on remand, the circuit court should address the State's motion to correct clerical error.

Finally, we note that Johnson fails to present any argument regarding the circuit court's August 14, 2009 order of revocation of probation and re-sentencing filed in Cr. No. 01-1-0004k. Johnson has thus waived any issues regarding the appeal in that case. See State v. Guidry, 105 Hawai'i 222, 236, 96 P.3d 242, 256 (2004) (citing Hawai'i Rules of Appellate Procedure Rule 28(b)(7) for the proposition that points not argued may be deemed waived).

We therefore assert jurisdiction and: (1) in Cr. No. 94-189K, we vacate the circuit court's order, filed on August 14, 2009, revoking probation and re-sentencing Johnson to a term of five years in prison; and (2) in Cr. No. 01-1-0004K, we affirm the circuit court's order, filed August 14, 2009, revoking probation and re-sentencing Johnson to a term of five years in prison for his custodial interference in the first degree conviction. We remand for: further proceedings in Cr. No. 94-189K to address the State's motion to correct clerical error, to determine the validity of the circuit court's May 16, 2000 Order of Discharge and Dismissal, and for any further proceedings consistent with this opinion; and further proceedings in

5

Cr. No. 01-1-0004K to the extent it is deemed necessary by the circuit court to address the consecutive sentencing in Cr. No. 94-189K and Cr. No. 01-1-0004K.

DATED: Honolulu, Hawai'i, March 29, 2011.

On the briefs:

Reginald P. Minn
for Defendant-Appellant

Jay T. Kimura
Prosecuting Attorney
Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge